IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**OHENEBA "KWAME" GYAMFI**     *
                               *
    Plaintiff             *
                               *
    v.                    *     Civil No. **PJM 09-2501**
                               *
**UNITED STATES OF AMERICA**   *
                               *
    Defendant             *

**MEMORANDUM OPINION**

Oheneba "Kwame" Gyamfi, acting *pro se*, has sued the Commissioner of Internal Revenue, alleging that the Internal Revenue Service ("IRS") violated the Taxpayer Bill of Rights Act as codified in 26 U.S.C. § 7533 due to unspecified "unauthorized collection actions." The IRS filed a Motion to Dismiss [Paper No. 9], which Plaintiff has arguably responded to. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss [Paper No. 9].

**I.**

Although the Complaint is bare on facts, it appears that on June 13, 2009, Gyamfi became aware of a notice of a federal tax lien that was filed with the clerk's office in state court. He alleges that he never received notice of this lien nor did the IRS issue a deficiency notice as mandated under IRC § 6212. This suit followed. On September 24, 2009, Gyamfi filed a "Notice of Complaint and Removal From State Court," alleging violations of 26 U.S.C. § 6212 (Notice of Deficiencies) and 26 U.S.C. § 6213(a) (Petition to Tax Court). In this "Notice of Complaint," Gyamfi named himself as the "defendant" and the Commissioner of the Internal Revenue Service as the "plaintiff."

-1-

On November 9, 2009, Gyamfi filed a Motion for Default Judgment, arguing that Defendant had failed to timely respond, which the Court denied. On December 15, 2009, Gyamfi filed a second Motion for Default Judgment, arguing that Defendant's response to his first Motion for Default was untimely because the Government's attorney is not licensed to practice law in D.C. or Maryland. The Government responded that its attorney was properly before the Court as the Court does not exclude attorneys from appearing on behalf of the United States on the grounds that they are not members of the Maryland or D.C. bar. The Court agreed and denied Gyamfi's second Motion for Default.

While these motions for default were pending, on November 23, 2009, the Government filed a Motion to Dismiss, requesting that the Court: (1) properly identify the posture of the parties so that Gyamfi is the "plaintiff" and the United States of America is the "defendant;" (2) clarify that the present cause of action is an original civil action in federal court and not a removal action; and (3) dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. When Gyamfi did not timely respond, the Court issued an Order directing him to show good cause for his failure to respond to the Motion to Dismiss. Gyamfi responded to the Show Cause Order, stating that his second Motion for Default Judgment was his response to Defendant's Motion to Dismiss.

## II.

As an initial matter, the Court agrees with the Government that the original posture of this case is inaccurate and as pleaded may confuse the parties and the Court and may frustrate the application of procedural rules and substantive law. The substance of Gyamfi's pleadings clearly indicate that he intended to bring an action against the United States, and he prays for

relief.  Accordingly, the Clerk of the Court is **DIRECTED** to amend the caption of the case so that Gyamfi is the "plaintiff" and the United States of America is the "defendant."

Additionally, the Court agrees with the Government that the originally-pleaded "Notice of Complaint and Removal From State Court" does not accurately represent the action that Gyamfi intended to bring.  There is no removable state action in this case, and the substance of Gyamfi's pleadings indicate that a removal action was not intended.  Thus, the Court declares that Gyamfi's initial pleading should be labeled as a Complaint that commenced an original federal civil action and that this proceeding is not a removal action.  The Clerk of the Court is **DIRECTED** to amend the record accordingly.

### III.

The Court next turns to the Government's Motion to Dismiss.  Assuming for present purposes that service was proper (which it appears it was not), the Court holds that it lacks subject matter jurisdiction over the Complaint because Gyamfi has not exhausted his administrative remedies.  Pursuant to 26 U.S.C. § 7533 (the statute Gyamfi cites as the basis for his suit for damages against the Government), in order to obtain relief against the Untied States, the plaintiff must have "exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7533(d)(1); *see also Bullard v. United States*, 486 F. Supp. 2d 512, 518 (D. Md. 2007) (holding that the exhaustion of administrative remedies requirement is a jurisdictional bar to suit in federal district court).  The regulations provide that in order to meet the exhaustion requirement, the taxpayer must send an administrative claim to the district director which includes: (1) the name, address, phone number and taxpayer ID for the claimant; (2) the grounds for the claim; (3) a description of the injuries sustained; (4) the dollar

amount of past and foreseeable future damage; and (5) the taxpayer's signature. 26 C.F.R. § 301.7433-(e).

Though Gyamfi describes a variety of conduct he alleges is sufficient to meet the strict exhaustion requirement, it is clear to the Court that he has not complied with the specific administrative procedures set forth under the regulations in order to preserve a claim for damages. His failure to follow the specific procedures for pursuing a damage claim deprives this Court of jurisdiction to hear it. *See, e.g., Bullard*, 486 F. Supp. 2d at 518.

Accordingly, the Government's Motion to Dismiss [Paper No. 9] is **GRANTED**.

## IV.

A separate Order will issue implementing these rulings and closing the case.

 

 

/s/
**PETER J. MESSITTE**
**May 24, 2010**            **UNITED STATES DISTRICT JUDGE**